OPINION
{¶ 1} Defendant-Appellant, Jimmy L. Morgan, appeals a judgment of the Shelby County Court of Common Pleas, denying his motion for a new trial. On appeal, Morgan asserts that he was denied the right to a fair trial because the jury was not properly instructed that he was not required to retreat from his home and because witnesses were threatened and intimidated; that the trial court erred in failing to hold an evidentiary hearing on his motion for a new trail; and, that he was denied his right to due process because three key witnesses provided perjured testimony and because key witnesses for the State tampered with evidence. Finding that Morgan's motion for a new trial is out of rule and that he failed to request for leave to file his motions for new trial, we affirm the judgment of the trial court.
 {¶ 2} In August 1997, Morgan was convicted by a jury of aggravated murder with a firearm specification. The trial court sentenced Morgan to an aggregate term of twenty-three years in prison for his convictions. In June of 1998, this Court affirmed his conviction and sentence in State v. Morgan (June 10, 1998), 3d Dist. No. 17-97-22.
 {¶ 3} In March of 2000, Morgan filed a motion for a new trial, which the trial court subsequently denied. In November of 2000, this Court affirmed the trial court's judgment denying Morgan's motion for a new trial in State v. Morgan, 3d Dist. No. 17-00-11, 2000-Ohio-1796. In August of 2004, Morgan filed a petition to vacate the judgment and set aside his sentence. Subsequently, the trial court denied Morgan's petition, finding that his petition was untimely. In February of 2005, this Court affirmed the trial court's judgment in State v. Morgan, 3d Dist. No. 17-04-11, 2005-Ohio-427.
 {¶ 4} In July of 2005, Morgan filed two more motions for a new trial, pursuant to Crim.R. 33, based upon newly discovered evidence and misconduct of the trial judge. In September of 2005, the trail court denied both of Morgan's motions. It is from this judgment Morgan appeals, presenting the following assignments of error.
 Assignment of Error No. I Appellant was denied a fundamental Fair Trial, Where the Jurywas not instructed that he was not required to retreat from theprotection of his home and had the right to go to the Aid of hishandicapped friend to defend his Family, in violation of hisrights Guaranteed by the United States Constitution.
 Assignment of Error No. II The Failure of the Court to Grant an evidentiary Hearing on aNew Trial, Based on Newly Discovered Evidence, ViolatedAppellant's Right to Due Process.
 Assignment of Error No. III Appellant's Conviction was obtained in Violation of the DueProcess Clause of the Fourteenth Amendment. Where (3) threeimportant Key Witnesses for the state gave False (perjury)testimony against Appellant at Trial. They Committed the crime ofPERJURY a third degree Felony.
 Assignment of Error No. IV Appellant was denied a Fundamentally Fair Trial, Where SidneyPolice Lt. James Jones knowingly threatened and intimidated awitness for the State into giving False (PERJURY) testimony attrial, by threatening Mr. Chris Burton with Unlawful Charges.Where this Would be a third degree felony on Sidney Police Lt.Jones.
 Assignment of Error No. V Appellant's Conviction was obtained in violation of the DueProcess Clause of the Fourteenth Amendment. Where two (2) veryImportant Key witnesses for the State Committed the CriminalCrime of Tampering with Evidence (the knife) and was in the actof a criminal crime of FELONIOUS ASSAULT, and the StateProsecutor, upon this New Evidence on the Enhanced Copy of the911 Tape and the Affidavit/statements of Rick Phelps, HowardRhoades, Heather Dresback and Wanda Lewis will show this Courtthat Charges should have been brought fourth on both StateWitness Mr. Fred Buss and Mr. Steve Martin for INVOLUNTARYMANSLAUGHTER.[1]
 Assignments of Error Nos. I, II, III, IV V {¶ 5} Because all of Morgan's assignments of error deal with the denial of his motions for a new trial, we will address them together.
 {¶ 6} Crim.R. 33 governs motions for new trial. Crim.R. 33(A)(6) provides the following as one of the grounds upon which a new trial may be granted on a defendant's motion:
When new evidence material to the defense is discovered, whichthe defendant could not with reasonable diligence have discoveredand produced at the trial. When a motion for a new trial is madeupon the ground of newly discovered evidence, the defendant mustproduce at the hearing on the motion, in support thereof, theaffidavits of the witnesses by whom such evidence is expected tobe given, and if time is required by the defendant to procuresuch affidavits, the court may postpone the hearing of the motionfor such length of time as is reasonable under all thecircumstances of the case. The prosecuting attorney may produceaffidavits or other evidence to impeach the affidavits of suchwitnesses.
 {¶ 7} Crim.R. 33(B) further provides the following limitations on the time in which such a motion can be filed:
Motions for new trial on account of newly discovered evidenceshall be filed within one hundred twenty days after the day uponwhich the verdict was rendered, or the decision of the courtwhere trial by jury has been waived. If it is made to appear byclear and convincing proof that the defendant was unavoidablyprevented from the discovery of the evidence upon which he mustrely, such motion shall be filed within seven days from an orderof the court finding that he was unavoidably prevented fromdiscovering the evidence within the one hundred twenty dayperiod.
In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the above rule, a petitioner must first file a motion for leave, showing by "clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion." State v. Neace, 3d Dist. No. 10-99-07, 2000-Ohio-1649; State v. Smith (Mar. 27, 1998), 2d Dist. No. 97 CA 46. The filing of a motion for leave prior to being able to file a motion for a new trial out of rule was recognized by Justice Stratton in a concurring opinion dismissing sua sponte a motion to certify conflict. See State v. Dawson (2000),89 Ohio St.3d 1208.
 {¶ 8} An appellate court reviews a trial court's determination of a Crim.R. 33 motion under an abuse of discretion standard. State v. Schiebel (1990), 55 Ohio St.3d 71, para. one of the syllabus; State v. Brumback (1996), 109 Ohio App.3d 65,85. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Upon review of the record, it is clear that Morgan did not file a request for leave to file his motions for a new trial under Crim.R. 33. Accordingly, we cannot find that the trial court abused its discretion in denying Morgan's motions for a new trial. Furthermore, upon review of Morgan's motions, we cannot say that he provided clear and convincing evidence sufficient to show he has been unavoidably prevented from filing his motions in a timely fashion. Thus, the trial court properly denied Morgan's motions for a new trial.
 {¶ 10} Finding that Morgan's motions were filed out of rule because he failed to request leave to file a motion for a new trial, we find it unnecessary to address the merits of Morgan's arguments. Accordingly, assignments of error one, two, three, four and five are overruled.
 {¶ 11} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Cupp, J., concur.
[1] Assignments of error are written exactly as they appear in Appellant's brief.