OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Monte M. McCoy, filed April 25, 2005. McCoy was convicted and sentenced on June 27, 2003 for misuse of a credit card. Prior to trial he filed a motion to suppress, arguing that the police officer who arrested him lacked probable cause. The trial court overruled McCoy's motion. We affirmed his conviction and sentence on October 29, 2004. On December 1, 2004, McCoy filed a motion for a new trial, and on March 23, 2005, the trial court overruled the motion, holding that it was untimely and without merit. In addition to his Notice of Appeal, McCoy filed a motion for leave to file a delayed appeal on April 25, 2005, which we granted.
 {¶ 2} The events giving rise to this matter began on September 26, 2002, when Detective James Gebhart of the Huber Heights Police Department responded to a report of fraud at the Elder-Beerman store on Old Troy Pike. Two men had purchased numerous items of clothing from the store on credit they obtained with fake identity cards. Police apprehended one of the men, Kasim Brown, and Brown told them that he was staying at the Ramada Inn at Little York Road in Dayton. Gebhart retrieved an identity card from Brown, which Gebhart later showed to the clerk at the Ramada Inn. The clerk recognized the address on Brown's card as the same address given by a "John Reed" who had checked into room 149 at the Ramada Inn. While at the hotel, Gebhart saw McCoy walking from a white minivan in front of room 149, and he asked to speak with McCoy. McCoy gave Gebhart his valid Pennsylvania driver's license. The door to room 149 was slightly ajar, and Gebhart pushed it open a couple of inches and yelled, "Police." A woman inside the room opened the door, and Gebhart observed numerous shopping bags and electronic equipment in the room. Gebhart then placed McCoy under arrest. At the jail, a receipt from Radio Shack in Englewood, Ohio was found in McCoy's pocket in the name of "Marc Erway" for more than $1100.00 worth of merchandise. A clerk at Radio Shack identified McCoy as the man who obtained credit at the store and purchased the merchandise. A fake identity card in the name of Marc Erway and displaying McCoy's picture was also located by police.
 {¶ 3} Gebhart's affidavit for the arrest warrant asserted probable cause based upon the identification of McCoy by the Radio Shack employee as the perpetrator of the offenses that occurred in Huber Heights. This was a misstatement, because the Radio Shack employee worked in Englewood and accordingly was not a witness to the crime committed at the Huber Heights-Elder Beerman store. McCoy argues that the affidavit for his arrest warrant, the arrest warrant and the Complaint in this matter are false and are newly discovered evidence "in the sense that the defendant did not have possession of the evidence at the suppression hearing nor at trial." McCoy argues that Gebhart falsified said documents to obtain his arrest, and that "[p]erjury, malicious prosecution, ineffective assistance of counsel, and abuse of discretion arose from this newly discovered evidence."
 {¶ 4} McCoy's brief contains the following "Argument," which we will treat as his sole assignment of error:
 {¶ 5} "THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION WHEN SHE OVERRULED THE DEFENDANT'S MOTION FOR A NEW TRIAL WITHOUT FIRST HOLDING A HEARING TO ESTABLISH THE MERITS."
 {¶ 6} We initially note that we agree with the trial court's determination that Gebhart's misstatement of the facts was immaterial. McCoy was arrested for crimes committed in Huber Heights based upon probable cause deriving from Gebhart's discovery of the merchandise in the hotel room, and not based upon the misstatements in Gebhart's affidavit. McCoy was tried for the Englewood offenses, and as we noted in response to McCoy's direct appeal, "the prosecution may have felt that [the] Englewood matter served as a better vehicle for a successful prosecution due to the strength of the eyewitness testimony" of the Radio Shack employee. As we also noted, it is not uncommon for a person to be tried for an offense distinct from the one for which he was arrested. Gebhart testified at trial that the offenses occurred in Englewood.
 {¶ 7} Crim.R. 33(B) provides that "[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 8} McCoy filed his motion for a new trial after the 120 day period set forth in Crim.R. 33(B). "In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the above rule, a petitioner must first file a motion for leave, showing by `clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.'" State v.Morgan, Shelby App. No. 17-05-26, 2006-Ohio-145. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of the ground supporting the motion for a new trial within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." State v. Walden (1984),19 Ohio App.3d 141, 145-146, 483 N.E.2d 859. "An appellate court reviews a trial court's determination of a Crim.R.33 motion under an abuse of discretion standard." Morgan. "An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable." Id.
 {¶ 9} The record reveals that McCoy did not file a request for leave to file his motion for a new trial under Crim.R. 33. Accordingly, the trial court did not abuse its discretion in denying McCoy's motion for a new trial.
 {¶ 10} We will briefly address the merits of McCoy's motion, although it is not necessary for us to do so, given McCoy's failure to seek leave to file the motion untimely. In McCoy's appellate brief he states, "The defendant made every effort to have this evidence presented at trial, but to no avail." This statement undermines appellant's assertion that he had obtained new evidence justifying a new trial. The issue was also the subject of his third assignment of error in his direct appeal, in which he argued that his trial counsel was ineffective for failing to cross-examine Gebhart about the misstatements in the original Complaint, affidavit and statement of probable cause. In the direct appeal, we determined that, even if McCoy's counsel had pursued the discrepancy, the outcome of McCoy's trial would have been the same. Thus, appellant's motion for new trial fails on its merits as well. There being no abuse of discretion, McCoy's assignment of error is overruled, and the judgment of the trial court is affirmed.
Grady, P.J. and Wolff, J., concur.