OPINION
{¶ 1} Defendant-appellant Anthony K. Bolling appeals from an order of the trial court overruling his motion for a new trial, based on newly discovered evidence. The trial court based its decision, in part, upon its conclusion that Bolling failed to establish, by clear and convincing evidence, that he was unavoidably prevented from discovering the new evidence in sufficient time to make a timely filing of his motion for a new trial. *Page 2 
We conclude that this finding is neither an abuse of discretion nor against the manifest weight of the evidence. Because Bolling's motion for a new trial was untimely filed, his other assignments of error are moot, and the order from which this appeal is taken is Affirmed.
 I {¶ 2} In 2003, Bolling was convicted of four counts of Rape of a child by force, in violation of R.C. 2907.02(A)(1), and one count of Felonious Sexual Penetration of a child by force, in violation of R.C.2907.12(A)(1)(b), was sentenced accordingly, and was classified as a sexual predator. His conviction and sentence was affirmed in 2005.State v. Bolling, 2005-Ohio-2509, Montgomery App. No. 20225.
 {¶ 3} In July, 2006, almost three years after his conviction, Bolling filed a motion for leave to file a delayed new trial motion, based upon newly discovered evidence, with a motion for a new trial attached, a motion to conduct an evidentiary hearing, a motion for leave to proceed in forma pauperis, and a motion for appointment of counsel. The trial court overruled Bolling's motion for leave to file his delayed motion for a new, without a hearing. From the overruling of his motion, Bolling appeals.
 II {¶ 4} Bolling's First Assignment of Error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION ON DENYING LEAVE TO FILE A DELAYED MOTION FOR NEW TRIAL WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING, VIOLATING APPELLANT'S RIGHT TO *Page 3 
DUE PROCESS OF LAW."
 {¶ 6} In its order denying Bolling's motion, the trial court based its decision upon a number of independent grounds, the first of which is as follows:
 {¶ 7} A. Bolling has failed to prove by clear and convincing evidencethat he was unavoidably prevented from discovering the `new evidence'and filing his motion for a new trial in a timely manner. Bolling hasfailed to demonstrate that this evidence could not with reasonablediligence have been discovered and produced at trial.
 {¶ 8} "Bolling's Motion for Leave To File Delayed New TrialMotion (attached to which is a Motion for New Trial) was filed on July 5, 2006. It is based upon a claim of newly discovered evidence. Crim.R. 33(A)(6) permits a convicted defendant to file a motion for a new trial upon grounds that new evidence material to the defense has been discovered which defendant could not with reasonable diligence have discovered and produced at the trial. However, such a motion must be filed within 120 days after the day of the verdict, unless the trial court finds by clear and convincing evidence that he was unavoidably prevented from discovering the evidence. Absent such a finding by this Court, Bolling's deadline to file a motion for a new trial was November 30, 2003-120 days after the jury's verdict on [sic] returned on August 3, 2003.
 {¶ 9} "`In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the above rule, a petitioner must first file a motion for leave, showing by "clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion."'State v. Morgan, Shelby App. No. 17-05-26, 2006 Ohio 145. `[A] party is unavoidably *Page 4 
prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of the ground supporting the motion for a new trial within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' State v. Walden (1984), 19 Ohio App.3d 141, 145-146,19 Ohio B. 230, 483 N.E.2d 859.
 {¶ 10} "Attached to Bolling's proposed Motion for New Trial are the affidavits of Billy Walters, Lloyd Heckman, Andrea Banks, Tony Banks. In support of his Motion for Leave To File Delayed New Trial Motion, Bolling attaches the Affidavit of Investigator James McMullen which states:
 {¶ 11} "7. The affidavits of Andrea Banks and Tony Banks contain information which was deemed inadmissable at the trial of Anthony Bolling.
 {¶ 12} "8. The affidavits of Billy Walters and Lloyd Heckman contain information regarding this case, which was not available to Anthony Bolling at the time of trial, as Billy Walters was unable to be located and Mr. Heckman was in Toledo.
 {¶ 13} "With regard to Andrea and Tony Banks, Investigator McMullen does not specify the information in their affidavits [that] `was deemed inadmissable at the trial.' Nonetheless, the overridingly significant point is that Andrea Banks actually testified as a defense witness at Bolling's trial (Trial Transcript at 623 — 678), as did Tony Banks (Id. At 43 — 65). Tony Banks specifically testified that he was able to share with Bolling's attorney all that he told Detective Donald Charles. Id. at 59. Since Mr. and Mrs. Banks were fully cooperative defense witnesses at trial, Bolling obviously was not prevented from discovering prior to trial all admissible exculpatory evidence within their knowledge. With reasonable diligence, Bolling certainly was able to discover and produce at trial all *Page 5 
such exculpatory evidence from these defense witnesses.
 {¶ 14} "With regard to Billy Walters, Investigator McMullen states in a conclusory fashion that `Billy Walters was unable to be located' at trial. No further explanation is offered. McMullen does not elaborate as to what efforts were made to locate Walters. Thus, Bolling fails to persuade this Court that he was unavoidably prevented from locating Walters, or with reasonable diligence could not have located Walters, prior to trial. This Court agrees with the State:
 "Furthermore, Defendant fails to provide any evidence to support his claim that he was unavoidably prevented from obtaining the above information. Per his own affidavit, Billy Walters admits he has known Defendant and his family for twenty-five (25) years and is Defendant's `best friend.' (Walters Affidavit ¶ 2 and 4). Yet, despite overhearing the alleged conversation contained in his affidavit, Walters, for unknown reasons, chooses not to communicate said conversations [sic] to Defendant, even though Walters discovers Defendant was arrested for Rape against [C. D.]! (Walters Affidavit, ¶ 21).
"State's Memoranda (sic) Contra Defendant's Motion for Leave to FileDelayed New Trial Motion at 6-7.
 {¶ 15} "With regard to Lloyd Heckman, Investigator McMullen simply states `Mr. Heckman was in Toledo.' In contrast to Billy Walters, McMullen does not assert that Heckman could not be located. The mere fact that Heckman was residing in another Ohio city did not unavoidably prevent Bolling from obtaining Heckman's statement prior to trial and presenting Heckman's testimony at trial.
 {¶ 16} "Bolling has failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the `new evidence' and filing his motion for a new trial in a timely manner. He has failed to demonstrate that this evidence could not with reasonable diligence have been discovered and produced at trial." (Bolding, *Page 6 
underlining and italics in original.)
 {¶ 17} In its decision, the trial court then goes on to conclude that Bolling's motion for a new trial would be without merit, even if it had been timely filed. In his appeal, Bolling takes issue with the trial court's conclusion that his motion is without merit, but he does not set forth any basis for challenging the trial court's initial conclusion that his motion for a new trial was not timely filed.
 {¶ 18} We can find no fault with the trial court's conclusion that Bolling failed to prove by clear and convincingly evidence that he was unavoidably prevented from discovering the alleged newly discovered evidence in sufficient time to file a timely motion for a new trial, which is necessary, under Crim.R. 33(A)(6) and 33(B), to excuse an untimely filing. Andrea and Tony Banks were obviously known to Bolling, since they testified in his defense at trial. McMullen's affidavit falls far short of establishing that Billy Walters could not, with reasonable diligence, have been located before trial, and does not even assert that Lloyd Heckman could not be located before trial.
 {¶ 19} The trial court's finding that Bolling failed to prove by clear and convincingly evidence that he was unavoidably prevented from discovering the alleged newly discovered evidence in sufficient time to file a timely motion for a new trial is supported by sufficient evidence, is not an abuse of discretion, and is a sufficient, independent basis for its decision to overrule his motion. Therefore, errors in the trial court's reasoning in other respects, if any, are harmless.
 {¶ 20} Bolling's First Assignment of Error is overruled.
 III {¶ 21} Bolling's Second, Third, and Fourth assignments of error are as follows: *Page 7 
 {¶ 22} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THAT THE AFFIDAVITS ATTACHED TO THE PROPOSED NEW TRIAL MOTION ATTACHED TO THE LEAVE MOTION LACKED CREDIBILITY, DEPRIVING APPELLANT OF A FAIR HEARING BEFORE ANY IMPARTIAL TRIBUNAL AND DUE PROCESS OF LAW.
 {¶ 23} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DECIDING THAT THE EVIDENCE ATTACHED TO THE PROPOSED MOTION FOR NEW TRIAL WOULD BE INADMISSIBLE, DEPRIVING THE APPELLANT OF DUE PROCESS OF LAW.
 {¶ 24} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN HOLDING THAT THE EXTANT NEWLY DISCOVERED EVIDENCE WOULD NOT HAVE AFFECTED THE OUTCOME OF THE PROCEEDINGS AT TRIAL, WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING, DEPRIVING APPELLANT OF DUE PROCESS OF LAW."
 {¶ 25} None of these assignments of error implicate the trial court's conclusion that Bolling failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the alleged newly discovered evidence in sufficient time to file a timely motion for a new trial. Since that conclusion is a sufficient, independent basis for the trial court's decision to overrule Bolling's motion, none of the errors Bolling assigns in these assignments of error can have prejudiced the outcome. Therefore, they are overruled as harmless.
 IV *Page 8 {¶ 26} All of Bolling's assignments of error having been overruled, the order of the trial court overruling his motion for leave to file a delayed motion for a new trial is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1