[Cite as *State v. Thompson*, 2012-Ohio-4862.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25016 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 06-CR-3214 |
| v. | : | |
| | : | |
| BRANDON A. THOMPSON | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of October, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

PAUL D. GILBERT, Atty. Reg. #0010129, 120 West Second Street, Suite 503, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}     Brandon M. Thompson appeals from the trial court's denial of his Crim.R. 33 motion for leave to move for a new trial.

{¶ 2}     In his sole assignment of error, Thompson contends the trial court erred in overruling his motion. He argues that the motion and accompanying affidavits met the legal standard to obtain

leave to seek a new trial. At a minimum, he asserts that he was entitled to a hearing on the issue.

**{¶ 3}** The record reflects that Thompson was convicted and sentenced in October 2008 on one count of recklessly abusing a child under the age of eighteen resulting in serious physical harm, a second-degree felony. The conviction stemmed from a head injury sustained by the infant son of Thompson's girlfriend, who resided with him. After paramedics were called to Thompson's home, the infant was taken to the hospital and diagnosed with life-threatening bleeding on the brain. The injury required emergency surgery, hospitalization for two weeks, and seven weeks of care at a rehabilitation center. A jury rejected Thompson's argument that the injury had been caused by a fall from a playpen and found him guilty of abuse. Following his conviction, the trial court imposed a six-year prison sentence. This court affirmed. *See State v. Thompson*, 2d Dist. Montgomery No. 22984, 2010-Ohio-1680.

**{¶ 4}** In November 2011, Thompson filed his Crim.R. 33 motion for leave to move for a new trial. (Doc. #20). In support, he claimed to possess newly discovered evidence that he had been unavoidably prevented from discovering within 180 days of the jury's verdict. The evidence consisted of expert opinions from two medical doctors, Patrick D. Barnes and Jan E. Leestma. In an affidavit accompanying the motion, Barnes opined that the infant's medical records and brain-imaging exams did not distinguish accidental from non-accidental injury, did not account for the possibility of "predisposing or complicating conditions," and lacked precise "timing parameters" as to when the injury occurred. (Doc. #22). Leestma provided a similar affidavit and opined, among other things, that a fall from a playpen could have exacerbated a prior subdural hemorrhage. (Doc. #23). Finally, Thompson supported his motion with an affidavit from his mother, Linda Thompson. She averred that she had acted diligently in discovering the writings of Barnes and Leestma, contacting the two doctors, providing them with medical records, and obtaining their affidavits. (Doc. #21).

**{¶ 5}** On January 3, 2012, the trial court overruled Thompson's motion. It concluded that he knew or should have known about Barnes and Leestma before his trial. The trial court noted that

defense counsel had contacted a third doctor, John Jerome Plunkett, prior to trial regarding expert-witness review and that Plunkett had co-written an article about infant head injury with Barnes and Leestma. The trial court also noted that there was a material difference between being unaware of information and being unavoidably prevented from discovering that information in the exercise of due diligence. (Doc. #29).

{¶ 6} On appeal, Thompson contends the trial court unreasonably presumed, based on defense counsel's familiarity with Dr. Plunkett, that he should have known about Dr. Barnes, Dr. Leestma, and the opinions they held. Thompson asserts that the trial court engaged in pure speculation to find that he could have obtained his new evidence earlier. Thompson insists that he had no knowledge of Dr. Barnes, Dr. Leestma, or the opinions they held until his mother obtained their affidavits. He also maintains that, for purposes of his motion for leave, he was not required to do anything more than allege a lack of prior knowledge of the new evidence. At a minimum, he contends the trial court should have held a hearing to determine whether he was unavoidably prevented from timely discovering his new evidence.

{¶ 7} Upon review, we find no error in the trial court's ruling. A motion for a new trial based upon newly discovered evidence must be filed within 120 days after the verdict was rendered, unless it appears by clear and convincing proof that the movant was unavoidably prevented from discovering the new evidence, in which case the motion for a new trial must be filed within seven days after an order of the court finding that the defendant was unavoidably prevented from discovering the new evidence within the 120-day period. Crim.R. 33(B). "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of the ground supporting the motion for a new trial within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-146 (10th Dist. 1984). We review a trial court's ruling on a Crim.R. 33 motion for an abuse of discretion. *State v. McCoy*, 2d Dist. Montgomery No.

21032, 2006-Ohio-1137, ¶8.

{¶ 8}     Initially, we note that the defendant's motion was filed three years after his conviction and sentencing, five years after his indictment and five and a half years after the injuries to the child. Even if we accept that Thompson was unaware of the existence of Dr. Barnes, Dr. Leestma, or the opinions they held until shortly before he filed his motion, the trial court correctly pointed out the material difference between being *unaware* of certain information and being *unavoidably prevented* from discovering it. *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002-Ohio-3649, *3. The affidavits submitted by Dr. Barnes and Dr. Leestma establish that they have been practicing medicine for decades, are widely published, and are linked to Dr. Plunkett as co-authors of an article about infant head injury. We note too that the opinions in the affidavits submitted by Dr. Barnes and Dr. Leestma are not based on any new information. Both doctors examined the infant's existing medical records and opined that the cause of the head injury could not be determined for various reasons. But the infant's medical records are not new, and the medical literature upon which the doctors relied in reaching their conclusions is not new. The only thing "newly discovered" is Thompson's awareness of these two particular doctors and the opinions they now hold. We see no abuse of discretion in the trial court's finding that Thompson was not unavoidably prevented from discovering these expert witnesses and having them re-examine the medical evidence within the 120-day time limit for seeking a new trial.

{¶ 9}     We also are unpersuaded by Thompson's claim that the trial court was required to hold a hearing before denying his motion. Thompson cites several cases for the proposition that "[a] defendant is entitled to a hearing on his motion for leave if he submits 'documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence' at issue." *State v Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶16 (citations omitted); *see also State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶19 (2d Dist.); *State v. Mitchell*, 2d Dist. Montgomery No. 19816, 2004-Ohio459, ¶19; *State v. York*, 2d Dist. Greene No. 99-CA-54, 2000 WL 192433, *2 (Feb. 18, 2000).

{¶ 10} The only document Thompson submitted addressing the "unavoidably prevented" issue was his mother's affidavit. It established that she did not discover Dr. Barnes, Dr. Leestma, and the opinions they now hold until shortly before Thompson filed his motion. On its face, however, the affidavit did not necessarily support a claim that Thompson was "unavoidably prevented" from discovering those doctors or their opinions earlier. Although Thompson's mother made this claim, we are only required to accept her factual allegations as true. *Mitchell*, at ¶19.

{¶ 11} As set forth above, Dr. Barnes and Dr. Leestma have been practicing medicine for decades, they are widely published, and there appears to be nothing novel about the opinions contained in their affidavits. The doctors opined that the infant's test results did not reveal the cause of the head injury or the precise timing of the injury. They also opined that the injury could have been caused by a fall from a playpen, which could have exacerbated an earlier injury. It was not an abuse of discretion for the trial court to conclude, without the need for a hearing, that Thompson could have discovered these opinions within the required 120-day time period.

{¶ 12} When a defendant prepares for trial, he and his attorney must research expert witnesses and make strategic decisions about which ones, if any, to have testify. A defendant's failure to locate and call a particular expert witness does not provide grounds for a delayed motion for a new trial under Crim.R. 33 in the ordinary case. If the rule were otherwise, a convicted defendant perpetually could ferret out new expert witnesses to re-examine the evidence with the hope of obtaining a different result.

{¶ 13} Based on the reasoning set forth above, Thompson's assignment of error is overruled. The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt

Paul D. Gilbert
Hon. Steven K. Dankof