[Cite as *State v. ONeil*, 2023-Ohio-1089.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

CURTIS L. ONEIL,

        Defendant-Appellant.

**CASE NO. 2022-P-0030**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2008 CR 00177

---

**O P I N I O N**

Decided: March 31, 2023
Judgment: Affirmed

---

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Eric J. Allen*, The Law Office of Eric J. Allen, Ltd., 4200 Regent, Suite 200, Columbus, OH 43219 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Curtis L. ONeil ("Mr. ONeil"),[1] appeals the judgment of the Portage County Court of Common Pleas, in which the court denied, without a hearing, his motion for leave to file a motion for a new trial.

{¶2} Mr. ONeil raises two assignments of error, contending that the trial court abused its discretion by (1) overruling his motion for leave and (2) denying his request for an evidentiary hearing.

---

1. The record indicates that appellant's last name has been spelled at various times as "O'Neil." For purposes of this appeal, this court will use the spelling set forth in the indictment, which is "ONeil."

{¶3} After a careful review of the record and pertinent law, we agree with the trial court that the documents Mr. ONeil submitted in support of his motion for leave did not, on their face, support the claim that he was unavoidably prevented from timely discovering the new evidence upon which he relies. Therefore, the trial court did not abuse its discretion in denying Mr. ONeil's motion for leave or in failing to hold an evidentiary hearing on that motion.

{¶4} Thus, we affirm the judgment of the Portage County Court of Common Pleas.

**Substantive and Procedural History**

{¶5} In 2008, the Portage County Grand Jury indicted Mr. ONeil for rape, a first-degree felony, in violation of R.C. 2907.02(A)(2); aggravated robbery, a first-degree felony, in violation of R.C. 2911.01(A)(1) and (C); aggravated burglary, a first-degree felony, in violation of R.C. 2911.11(A)(2) and (B); kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(2)/(4) and (C); and intimidation, a third-degree felony, in violation of R.C. 2921.04(B) and (D). Each offense included a firearm specification. The state alleged that Mr. ONeil and another individual burst into an apartment in Kent, Ohio, where they aimed guns and stole money from the occupants. While searching one of the bedrooms, Mr. ONeil allegedly raped one of the female occupants at gunpoint.

{¶6} Mr. ONeil pleaded not guilty to the offenses, and the case was tried to a jury. The jury was unable to reach a verdict, and the trial court declared a mistrial. Shortly thereafter, the case was again tried to a jury. The jury returned a verdict finding Mr. ONeil guilty of each offense and each firearm specification that was charged in the indictment.

2

The trial court held a sentencing hearing where it sentenced Mr. ONeil to an aggregate prison term of 49 years.

{¶7} Mr. ONeil appealed his convictions and sentences. This court affirmed his convictions but remanded for resentencing based on the trial court's errors in imposing postrelease control. *See State v. ONeil*, 11th Dist. Portage No. 2008-P-0090, 2009-Ohio-7000, ¶ 67-69. The Supreme Court of Ohio permitted Mr. ONeil to file a delayed notice of appeal, *see State v. O'Neil*, 124 Ohio St.3d 1537, 2010-Ohio-1557, 924 N.E.2d 841, but subsequently declined jurisdiction. *See State v. O'Neil*, 126 Ohio St.3d 1544, 2010-Ohio-3855, 932 N.E.2d 339.

{¶8} On remand, the trial court again imposed an aggregate prison term of 49 years. Mr. ONeil appealed his sentences, and this court affirmed. *See State v. ONeil*, 11th Dist. Portage No. 2010-P-0041, 2011-Ohio-2202, ¶ 68. Mr. ONeil appealed to the Supreme Court of Ohio, which declined jurisdiction. *See State v. Oneil*, 129 Ohio St.3d 1492, 2011-Ohio-5129, 954 N.E.2d 664.

{¶9} In 2015, Mr. ONeil filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio (case no. 1:15 CV 960). The court dismissed his petition as untimely.

{¶10} On March 2, 2021, defense counsel filed an affidavit of disqualification in the Supreme Court of Ohio seeking to disqualify the trial court judge (case no. 21-AP-028). Two days later, on March 4, 2021, Mr. ONeil filed a motion for leave to file a motion for a new trial pursuant to Crim.R. 33 and requested an evidentiary hearing. Mr. ONeil alleged the existence of newly discovered evidence consisting of an affidavit from Dr. Curt

3

Carlson ("Dr. Carlson") challenging the eyewitness identification evidence presented at trial.

{¶11} On March 8, 2021, the Chief Justice filed an entry in the trial court stating that an affidavit of disqualification had been filed. On March 10, 2021, the trial court filed a judgment entry stating, "The Defendant's Motion for an Evidentiary Hearing is denied without hearing." On April 6, 2021, the Chief Justice filed an entry denying defense counsel's affidavit of disqualification.

{¶12} Over one year later, on April 11, 2022, Mr. ONeil filed a motion for a final appealable order. He alleged that the trial court's March 10, 2021 judgment entry did not deny his motion for leave; it was filed while the affidavit of disqualification was pending; and he was not served with the entry. The state opposed Mr. ONeil's motion.

{¶13} On June 10, 2022, the trial court filed a judgment entry denying, without a hearing, Mr. ONeil's motion for leave to file a motion for a new trial, stating, "Upon review, this Court finds that the documents submitted by [Mr. ONeil], on their face, do not demonstrate that [he] was unavoidably prevented from discovering the evidence with the 120-day period prescribed in Crim.R. 33(B)."

{¶14} Mr. ONeil appealed and asserts the following two assignments of error:

{¶15} "[1.] The trial court abused its discretion in overruling appellant's motion for leave.

{¶16} "[2.] The trial court abused its discretion in denying appellant's request for an evidentiary hearing."

**Motion for Leave**

{¶17} In his first assignment of error, Mr. ONeil contends that the trial court abused its discretion by denying his motion for leave to file a motion for a new trial.

{¶18} We review a trial court's ruling on a motion for leave for an abuse of discretion. *See State v. Alexander*, 11th Dist. Trumbull No. 2011-T-0120, 2012-Ohio-4468, ¶ 9. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶19} Crim.R. 33(A) provides, in relevant part, that "[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights: * * * (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."

{¶20} Crim.R. 33(B) provides, in relevant part, that "[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."

{¶21} As this court has explained, "Crim.R. 33 permits a convicted defendant to file a motion for a new trial within 120 days after the day of the verdict on grounds of 'newly discovered evidence.' However, * * * when a motion based on newly discovered

5

evidence is filed more than 120 days after the verdict, the defendant must first file a motion to seek leave to file a delayed motion." *Alexander* at ¶ 14. If the trial court determines that "the documents in support of the motion on their face do not demonstrate that the movant was unavoidably prevented from discovering the evidence, it may * * * overrule the motion [for leave] * * *." *State v. Trimble*, 2015-Ohio-942, 30 N.E.3d 222, ¶ 16 (11th Dist.).

{¶22} "A defendant is 'unavoidably prevented' from filing a motion for new trial if the defendant 'had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence.'" *Alexander* at ¶ 17, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶23} In this case, the jury issued its verdict in 2008. Therefore, Mr. ONeil correctly sought leave before filing a motion for a new trial. In an affidavit attached to his motion for leave, Mr. ONeil averred, in relevant part, that he was represented by appointed counsel at trial; no expert was hired regarding the eyewitness testimony; he was not aware of "any new changes in the science surrounding eyewitness testimony" until "recently"; and he could not afford counsel or expert assistance in the years following his convictions and sentences.

6

{¶24} Mr. ONeil's affidavit does not provide clear and convincing proof that he was unavoidably prevented from timely discovering the information in Dr. Carlson's affidavit. "A defendant's failure to locate and call a particular expert witness does not provide grounds for a delayed motion for a new trial under Crim.R. 33 in the ordinary case." *State v. Thompson*, 2d Dist. Montgomery No. 25016, 2012-Ohio-4862, ¶ 12. "When a defendant prepares for trial, he and his attorney must research expert witnesses and make strategic decisions about which ones, if any, to have testify." *Id.* Otherwise, "a convicted defendant perpetually could ferret out new expert witnesses to re-examine the evidence with the hope of obtaining a different result." *Id.*

{¶25} Although Mr. ONeil alleged the existence of "new science," the record does not support that conclusion. Some of the studies Dr. Carlson cites in his affidavit had not been published at the time of Mr. ONeil's trial. However, Dr. Carlson's citations to "foundational research" demonstrate that scientific theories on eyewitness identification have existed for decades. Similarly, with respect to proper police lineup procedures, Dr. Carlson primarily relies on a U.S. Department of Justice ("DOJ") report issued in 1999. *See State v. Chambers*, 4th Dist. Adams No. 20CA1125, 2021-Ohio-3388, ¶ 21; *State v. Stein*, 5th Dist. Richland No. 13CA51, 2014-Ohio-222, ¶ 27-33 (each rejecting the appellants' claims that developments in preexisting scientific theories constituted newly discovered evidence when the genesis of those theories existed at the time of trial). "Crim.R. 33(B) does not allow a defendant to wait for further evidence to arise that will bolster his case." *State v. Berry*, 10th Dist. Franklin No. 06AP-803, 2007-Ohio-2244, ¶ 39.

7

Case No. 2022-P-0030

**{¶26}** In addition, "[t]here is a material difference between being *unaware* of certain information and being *unavoidably prevented* from discovering that information, even in the exercise of due diligence." (Emphasis added.) *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002 WL 1585663, *3 (July 19, 2002). The mere fact that Mr. ONeil did not know about the scientific theories or the DOJ report does not demonstrate that he was unavoidably prevented, had he exercised due diligence and some effort, from discovering them. *See id.* Crim.R. 33(B) does not permit a defendant "to claim that evidence was undiscoverable simply because the defense did not undertake efforts to obtain the evidence sooner." *State v. Anderson*, 10th Dist. Franklin No. 12AP-133, 2012-Ohio-4733, ¶ 14.

**{¶27}** Although Mr. ONeil alleged that he was financially unable to acquire expert assistance, there is no indication that he petitioned the court for funds to hire an expert or that doing so was not an option. Thus, he did not establish that he was unavoidably prevented from obtaining expert assistance because of his financial status. *See State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 26.

**{¶28}** Finally, Mr. ONeil appears to contend that the legislature's post-trial enactment of R.C. 2933.83 constitutes newly discovered evidence that he was unavoidably prevented from discovering. R.C. 2933.83(B) requires police departments conducting lineups after the statute's effective date, i.e., July 6, 2010, to adopt specific procedures and minimum requirements. However, Crim.R. 33(B) requires "newly discovered evidence," not new legal authority. Thus, the legislature's post-trial enactment of R.C. 2933.83 did not provide valid grounds for Mr. ONeil's motion for leave.

8

{¶29} In sum, we agree with the trial court that the documents Mr. ONeil submitted in support of his motion for leave did not, on their face, support the claim that he was unavoidably prevented from timely discovering the allegedly new evidence. Accordingly, the trial court did not abuse its discretion in denying his motion for leave.

{¶30} Mr. ONeil's first assignment of error is without merit.

### Evidentiary Hearing

{¶31} In his second assignment of error, Mr. ONeil contends that the trial court abused its discretion by denying his request for an evidentiary hearing.

{¶32} "'The decision whether to grant or hold an evidentiary hearing on a defendant's request for leave to file a delayed motion for new trial falls within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion.'" *Alexander*, *supra*, at ¶ 15, quoting *State v. Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, ¶ 23.

{¶33} A defendant is "only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue." *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.). Therefore, "no such hearing is required, and leave may be summarily denied, where neither the motion nor its supporting affidavits embody prima facie evidence of unavoidable delay." *Peals* at ¶ 23.

{¶34} As explained above, the trial court did not abuse its discretion in denying Mr. ONeil's motion for leave. Consequently, the trial court did not abuse its discretion by failing to hold an evidentiary hearing on that motion.

9

{¶35} Mr. ONeil's second assignment of error is without merit.

{¶36} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2022-P-0030