[Cite as *State v. Brown*, 2024-Ohio-792.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

FELIX O. BROWN, JR.,

        Defendant-Appellant.

CASE NO. 2023-T-0064

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 1995 CR 00127

**O P I N I O N**

Decided: March 4, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Felix O. Brown, Jr.,* pro se, PID# A312-676, Grafton Correctional Institution, 2500 Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Felix O. Brown, Jr., appeals the judgment of the Trumbull County Court of Common Pleas, denying his Motion for Leave to File a Motion for New Trial. We affirm.

{¶2} In 1995, a jury found appellant guilty of murder, in violation of R.C. 2903.02, with a firearm specification under R.C. 2941.145, and having weapons while under disability, in violation of R.C. 2923.13. Appellant was sentenced to an aggregate sentence of 18 years to life. Appellant appealed his conviction which was upheld by this court

in *State v. Brown,* 11th Dist. Trumbull Nos. 95-T-5349, 98-T-0061, 2000 WL 522339 (Mar. 31, 2000) ("*Brown I*"). The Supreme Court of Ohio later denied appellant's jurisdictional appeal. *State v. Brown*, 89 Ohio St.3d 1455, 731 N.E.2d 1141 (2000).

{¶3} Nearly 15 years after his conviction, in September 2011, appellant filed a hybrid Civ.R. 60(B)/Crim.R. 47 motion alleging a misnomer in his indictment and an error in jury instructions. The trial court overruled the motion, and this court affirmed the denial based upon the doctrine of res judicata. *State v. Brown*, 11th Dist. Trumbull No. 2011-T-0101, 2012-Ohio-4465 ("*Brown II*").

{¶4} In August 2016, appellant filed a second Crim.R. 47 motion to "vacate void judgment" in the trial court alleging the court erred by failing to instruct the jury on lesser-included offenses and on the defense of accident. The trial court denied the motion and this court affirmed. *See State v. Brown*, 11th Dist. Trumbull No. 2016-T-0105, 2017-Ohio-4241 ("*Brown III*").

{¶5} In December 2022, appellant filed the underlying Motion for Leave to File a Motion for New Trial, as well as an accompanying affidavit in support of his motion. The state filed a response seeking a dismissal of the motion. Appellant's motion was denied on August 24, 2023. This appeal follows.

{¶6} Appellant assigns seven facially, but not entirely substantively redundant errors for this court's review. Because they are interrelated, we shall address them together. They provide:

> [1.] The trial court erred as a matter of law in overruling appellant's motion for leave: to the prejudice of appellant.
>
> [2.] The trial court erred in overruling appellant's motion for leave: to the prejudice of appellant.

2

[3.] The trial court erred in overruling appellant's motion for leave: to the prejudice of appellant.

[4.] The trial court erred as a matter of law and abused its discretion in overruling appellant's motion for leave: to the prejudice of appellant.

[5.] The trial court erred as a matter of law in overruling appellant's motion for leave: to the prejudice of appellant.

[6.] The trial court erred as a matter of law in overruling appellant's motion for leave: to the prejudice of appellant.

[7.] The trial court erred as a matter of law and abused its discretion in overruling appellant's motion for leave: to the prejudice of appellant."

{¶7} Crim.R. 33(B) provides, in relevant part, that "[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."

{¶8} This court has observed that "'Crim.R. 33 permits a convicted defendant to file a motion for a new trial within 120 days after the day of the verdict on grounds of "newly discovered evidence." However, * * * when a motion based on newly discovered evidence is filed more than 120 days after the verdict, the defendant must first file a motion to seek leave to file a delayed motion.'" *State v. ONeil*, 11th Dist. Portage No. 2022-P-0030, 2023-Ohio-1089, ¶ 21, quoting *State v. Alexander*, 11th Dist. Trumbull No. 2011-T-0120, 2012-Ohio-4468, ¶ 14. "If [the trial court] determines that the documents in support of the motion on their face do not demonstrate that the movant was unavoidably

3

Case No. 2023-T-0064

prevented from discovering the evidence, it may * * * overrule the motion [for leave] * * *." *State v. Trimble*, 2015-Ohio-942, 30 N.E.3d 222, ¶ 16 (11th Dist.).

{¶9} One is "unavoidably prevented" from filing a motion for new trial if he or she """had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence."""  *ONeil* at ¶ 21, quoting *Alexander* at ¶ 17, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). There is meaningful difference between being "unaware" of information and being "unavoidably prevented" from obtaining that information.  *ONiel* at ¶ 26.

{¶10} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶11} In support of his motion for leave, appellant attached four affidavits: his personal affidavit; an affidavit from Private Investigator Tom Pavlish; an affidavit from Juror Cathy Brunstetter; and an affidavit from Juror Adriane Perretti.

{¶12} Under his first assignment of error, appellant argues that the trial court misapplied the law regarding the affidavit submitted by Juror Perretti who sat on his trial. The juror averred that a person entered the jury room during deliberations to see how deliberations were going; the person allegedly indicated that the jury needed to continue deliberating until they reached a decision.  Appellant asserted, without substantiation, the

4

individual described in the affidavit was a court official. Appellant claims the trial court failed to give proper weight to the juror's affidavit. In appellant's view, this interruption in deliberation occurred in violation of R.C. 2945.33, which requires the jury to be under the charge of an officer and that officer shall not allow communications to the jury nor shall he or she make communications to the jury except to ask if the jury has agreed on a verdict.

{¶13} The trial court determined that the foregoing argument lacked merit because appellant failed to demonstrate, by clear and convincing evidence, that he was unavoidably prevented from obtaining the evidence. We agree with the trial court.

{¶14} Misconduct of a court officer in communicating to the jury, in violation of R.C. 2945.33, during its deliberations "will be presumed to be prejudicial to a defendant against whom, after such communication, a verdict is returned by such jury." *State v. Adams*, 141 Ohio St. 423, 430-431, 48 N.E.2d 861 (1943), paragraph three of the syllabus. Hence, as a general rule, a court officer's communication with the jury in the defendant's absence may be grounds for a new trial. *State v. Abrams*, 39 Ohio St.2d 53, 55-56, 313 N.E.2d 823 (1974); *Bostic v. Connor*, 37 Ohio St.3d 144, 149, 524 N.E.2d 881 (1988) (superseded by statute on other grounds). The presumption of prejudice, however, is not conclusive. Rather, the burden shifts and "'rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant.'" *State v. Murphy*, 65 Ohio St.3d 554, 575, 605 N.E.2d 884 (1992), quoting *Remmer v. United States*, 347 U.S. 227, 229, 745 S.Ct. 450, 98 L.Ed. 654 (1954).

Case No. 2023-T-0064

{¶15} Initially, Juror Perretti did not aver that the alleged individual entering the jury-deliberation room was a court officer. In fact, she averred she did not recall "the identity, sex, or role of this person." Appellant accordingly assumes, without supportive evidence, that the individual was a court officer. This is problematic because without an averment that the individual was a member of court personnel, it is unclear what, if any impact the statements made by the individual would have had on the jury's deliberations.

{¶16} One obvious, if not the primary, bane R.C. 2945.33 is designed to avoid is contaminating the jury's deliberations. If an individual, who appears to be operating under the cloak of the court's authority, interrupts deliberations and provides improper direction to the jury outside of the court's, the defendant's, as well as defense counsel's presence, a defendant's due process right to a fair trial is presumed to be compromised. Because, however, appellant did not establish the individual at issue was a court officer or employee, it is not clear that the *presumption* of prejudice would necessarily attach.

{¶17} Even assuming this point is insufficient to fully undermine appellant's argument, appellant failed to aver or set forth any material facts that he was unavoidably prevented from obtaining the information elicited from Juror Perretti's affidavit. To establish eligibility to obtain leave to file, a party must establish a firm belief or conviction in the facts sought to be established. Appellant concedes he retained Private Investigator Tom Pavlish on October 23, 2021, some 16 years after his conviction. The information could have reasonably been obtained by appellant prior to the expiration of the 120 days set forth in Crim.R. 33 with the exercise of reasonable diligence. Appellant's argument therefore lacks merit.

{¶18} Appellant's first assignment of error lacks merit.

6

Case No. 2023-T-0064

{¶19} We shall next address appellant's third and fourth assigned errors. Under his third and fourth assignments of error, appellant asserts the trial court erroneously concluded that he did not offer clear and convincing evidence that he was unavoidably prevented from obtaining the jurors' affidavits. Specifically, appellant claims that because, in his motion for leave, he stated he had been unavoidably prevented from obtaining the evidence, the trial court erred in drawing a contrary conclusion. We do not agree.

{¶20} Appellant neither avers nor offers a compelling basis regarding why the evidence could not have been discovered with reasonable diligence. There is nothing to indicate that appellant undertook any efforts to discover the evidence prior to October 2021, when the private investigator who interviewed the jurors was hired. Although appellant may have been unaware of the information resulting from the investigator's interviews, it does not follow he was unavoidably prevented from discovering the evidence within 120 days of the verdict. Accordingly, the trial court properly concluded appellant had offered "no evidence, much less clear and convincing proof, of any efforts made to obtain information from jurors in the 120-day period after the verdict."

{¶21} Appellant's third and fourth assignments of error are without merit.

{¶22} Under his second assignment of error, appellant argues the trial court erred in determining the "*Allen* charge" jury instruction and the communication set forth in Juror Perretti's affidavit were one in the same. Our review of the trial court's judgment does not support appellant's assertion.

{¶23} The trial court determined that the so-called "*Allen* charge," which relates to a United States Supreme Court case addressing the propriety of an instruction to a dead-

7

locked jury and which is disfavored in Ohio jurisprudence, *see State v. Howard*, 42 Ohio St.3d 18, 537 N.E.2d 188 (1989), was addressed and its content was approved in appellant's direct appeal. *See Brown I*, 2000 WL 522339. *4-5.  The trial court's observation is accurate. Although appellant appears to argue the communication identified in Juror Perretti's affidavit was an illegitimate "*Allen* charge," his argument must fail for the same reasons discussed in his previous argument.  To wit, appellant failed to establish the communication was made by a court officer, *and* he did not establish by clear and convincing evidence that he was unavoidably prevented from discovering the same within the timeframe established by rule.

{¶24} Appellant's second assignment of error lacks merit.

{¶25} Under his fifth, sixth, and seventh assignments of error, appellant claims the trial court erred in denying him leave to file his motion for new trial based upon Juror Cathy Brunstetter's affidavit.  In her affidavit, Juror Brunstetter averred she "recall[ed] Dr. William Cox testifying that Mr. Brown put the weapon against [the victim's] head and intentionally pulled the trigger.  I recall Dr. Cox testifying that Mr. Brown pushed the gun into her head."  Appellant maintains, however, this aspect of the trial testimony was omitted from the trial transcript.  He therefore maintains he was denied due process because, on appeal, the trial transcript was incomplete.  We disagree.

{¶26} Appellant mistakenly claims that that Juror Brunstetter's averments indicate the trial transcript was altered.  The content of the affidavit, however, merely indicates the juror's recollection of some of the substantive content of one expert witness. While irregularities in the transcript were at issue in this case, these points were raised on appellant's direct appeal and resolved by this court in *Brown I. Id.*, 2000 WL 522339,

at *10-11. Accordingly, the due process issue identified by appellant is barred by the doctrine of res judicata.

{¶27} Moreover, appellant claims that the trial court erred in concluding appellant did not establish he was unavoidably prevented from obtaining the evidence contained in Juror Brunstetter's affidavit. Appellant underscores that he had "absolutely no idea and no reason to believe" and was therefore "unaware" of the facts averred in the affidavit. Nevertheless, for the reasons set forth under our analysis of appellant's first, third, and fourth assignments of error above, this argument lacks merit.

{¶28} Appellant's fifth, sixth, and seventh assignments of error are without merit.

{¶29} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-T-0064