DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Davie, appeals from a judgment of the Summit County Court of Common Pleas denying his Crim.R. 32.1 motion to withdraw his guilty plea. We affirm.
 I. {¶ 2} On April 5, 1993, Davie entered a plea of no contest to one count of attempted murder, in violation of R.C. 2923.02, with a firearm specification; one count of felonious assault, in violation of R.C. 2903.11(A)(1); two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1); five counts of aggravated burglary, in violation of R.C. 2911.11(A)(3). The Summit County Court of Common Pleas sentenced him accordingly. Davie timely appealed and this Court affirmed the trial court.State v. Davie (Feb. 23, 1994), 9th Dist. No. 16252.
 {¶ 3} Davie filed a petition "to vacate or set aside sentence" on April 4, 1996. The trial court treated the petition as one for postconviction relief under R.C. 2953.21. On July 11, 1996, Davie amended his petition and added a third claim for relief. On December 12, 1996, Davie moved for leave to amend his petition a second time. The trial court denied his leave to amend on December 31, 1996, holding that Davie's amended petition was filed after September 21, 1996, so it was actually an attempt to circumvent the time limits for filing a petition for postconviction relief pursuant to R.C. 2953.21(F). Then on January 21, 1997, the trial court denied Davie's petition for postconviction relief.
 {¶ 4} Davie timely appealed and this Court affirmed in part, reversed in part, finding that (1) the trial court had failed to issue adequate findings of fact and conclusions of law regarding Davie's third claim for relief and remanding on that issue, and (2) Davie's motion for leave to amend was not an attempt to circumvent the time limits of R.C. 2353.21(F), but that the denial of the motion was not improper because Davie had not indicated what was to be amended. State v. Davie (Mar. 10, 1999), 9th Dist. No. 19088.
 {¶ 5} On June 7, 1999, Davie filed a "motion to withdraw no contest plea." The trial court denied Davie's motion on December 16, 1999, treating the motion as a second petition for postconviction relief. Davie appealed, raising three assignments of error. We ruled that the trial court was barred from entertaining Davie's petition on authority of State v. Fuller
(Apr. 30, 1997), 9th Dist. No. 96CA006626, at 2-3, wherein we said:
"Since September 21, 1995, Section 2953.23(A) of the Ohio Revised Code has permitted the trial court to entertain a second or successive petition for post-conviction relief only if it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty * * * but for constitutional error at trial."
 {¶ 6} Because it was Davie's second petition for postconviction relief, and Davie had not demonstrated that he met any of the criteria set forth above, we affirmed the trial court's decision.
 {¶ 7} June 6, 2003, David again filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1, arguing that because his prior motion was treated as a petition for postconviction relief contra to State v. Bush (2002), 96 Ohio St.3d 235, he is permitted to refile the motion and have it considered on its merits. Davie also requested an evidentiary hearing and specific findings of facts and conclusions of law. The trial court denied the motions without explanation. Davie appealed, raising one assignment of error.
 II. Assignment of Error
"The trial court abused its discretion by refusing to grant an evidentiary hearing where defendant demonstrates the existence of a manifest injustice when he entered a `no contest' plea as a result of unfulfillable promises, threats, deception, coercion, and counsel's failure to provide effective assistance in violation of the VI and XIV amend. to the united states constitution."
 {¶ 8} In his sole assignment of error, Davie argues that the trial court should have granted him an opportunity at an evidentiary hearing to prove a manifest injustice sufficient to allow him to withdraw his no contest plea. Davie argues that the Supreme Court decision in State v. Bush (2002),96 Ohio St.3d 235, allows him to again file a Crim.R. 32.1 motion because his prior motions were improperly addressed as petitions for postconviction relief. This argument fails under the doctrine of res judicata.
 {¶ 9} Res judicata dictates that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, 382, citing and adopting 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25. The doctrine operates to preclude a subsequent action both on claims that were actually litigated and also those that could have been litigated in a previous action. See id. at 382. "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." Rogers v. City of Whitehall
(1986), 25 Ohio St.3d 67, 69. The underlying considerations of res judicata are particularly appropriate in the criminal context because without finality, the criminal law is deprived of much of its deterrent effect which is essential to the operation of the criminal justice system. State v. McCall (Aug. 21, 1996), 9th Dist. No 95CA006291, at 5, citing Teague v. Lane (1989),489 U.S. 288, 307-310. Furthermore,
"[t]he fact that the trial court's decision was based on what was ultimately determined to be an incorrect statement of the law is of no consequence, as the Supreme Court has held that `there is no exception in the doctrine of res judicata for merely erroneous judgments.'" State v. Dick (2000),137 Ohio App.3d 260, 265, quoting LaBarbera v. Batsch (1967),10 Ohio St.2d 106, 110.
"[W]here a court of appeals renders a judgment and subsequently the supreme court in a case between other litigants involving the same question renders a different judgment, the court of appeals cannot open up the judgment in the case decided by it and [relitigate] a matter that had been finally disposed of." BerkeyFarmer's Mutual Telephone Co. v. Sylvania Home Telephone Co.
(1917), 97 Ohio St. 67, 74.
 {¶ 10} "The reason for this rule is that the doctrine of res judicata would be abrogated if every decision could be relitigated on the ground that it is erroneous, and there would be no stability of decision, or no end to litigation." LaBarberav. Batsch (1967), 10 Ohio St.2d 106, 110.
 {¶ 11} Davie claims that the decisions of the courts regarding his prior Crim.R. 32.1 motion to withdraw his guilty plea were erroneous by virtue of the Supreme Court of Ohio's decision in State v. Bush. However, the Bush opinion was rendered three years after our disposition of his appeal of the denial of his prior Crim.R. 32.1 motion and eight years after his initial appeal. Therefore, the doctrine of res judicata remains applicable and Davie's assignment of error is overruled.
 III. {¶ 12} Davie's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, J., Batchelder, J. Concur.