[Cite as *State v. Day*, 2012-Ohio-4620.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2012 CA 0011 |
| vs. | : | T.C. CASE NO. 2008 CR 0271 |
| CHAD LEE DAY | : | (CRIMINAL APPEAL FROM COMMON PLEAS COURT) |
| Defendant-Appellant | : | |

. . . . . . . . .

**O P I N I O N**

Rendered on the 5th day of October, 2012.

. . . . . . . . .

Stephen K. Hall, Prosecuting Attorney, Elizabeth A. Ellis, Assistant Prosecuting Attorney, Atty. Reg. No. 0074332, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Defendant-Appellee

Adrienne D. Brooks, Atty. Reg. No. 0078152, 36 North Detroit Street, Suite 102, Dayton, Ohio 45385
        Attorney for Plaintiff-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1}   Defendant Chad Day appeals from a final order overruling his R.C. 2953.21 petition for post-conviction relief.

{¶ 2}   In July 2008, Defendant Chad Day pled guilty to aggravated burglary, R.C. 2911.11(A)(1), a felony of the first degree; burglary, R.C. 2912.(A)(4), a felony of the fourth degree; domestic violence, R.C. 2919.25(A), a felony of the third degree; and abduction, R.C. 2905.02(A)(2), a felony of the third degree.   In exchange for his pleas, the State dismissed a count of rape, R.C. 2907.02(A)(2), a felony of the first degree.   Also as part of the plea agreement, the parties stipulated to a 12-year prison term, which the trial court imposed.

{¶ 3}   Defendant appealed, arguing that the trial court failed to merge his aggravated burglary and burglary convictions.   We vacated Defendant's burglary conviction and affirmed the judgment of the trial court in all other respects.   *State v. Day,* 2d Dist. Greene No. 2008 CA 70, 2009-Ohio-7046.   Because Defendant's sentence for the burglary conviction was ordered to be served concurrently with the sentence for the aggravated burglary conviction, his aggregate sentence remained unchanged.   *Id.*

{¶ 4}   In April 2010, Defendant filed a "Motion to Correct Void Sentence."   On August 2, 2010, the trial court filed a *nunc pro tunc* entry acknowledging this Court's reversal of Defendant's burglary conviction, and reiterating the imposition of the 12-year sentence on the remaining convictions.

{¶ 5}   In January 2011, Defendant filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence."   Regardless of what Defendant labeled this filing, it was necessarily a petition for post-conviction relief pursuant to 2953.21.   See, *State v. Reynolds,* 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997).

{¶ 6} The State filed a motion to strike Defendant's petition, which the trial court initially overruled. However, upon reconsideration, the trial court denied Defendant's petition for post-conviction relief without a hearing. Defendant appeals.

{¶ 7} Defendant's first assignment of error:

"THE TRIAL COURT ERRED IN ITS DECISION RE: STATE OF OHIO'S MOTION TO RECONSIDER IN FINDING THE DEFENDANT/APPELLANT'S SENTENCE WAS NOT VOID, AND THUS HE WAS INELIGIBLE TO FILE A PETITION FOR POST-CONVICTION RELIEF; THE TRIAL COURT ALSO ERRED IN FINDING THE SENTENCE WAS NOT EVEN VOIDABLE."

{¶ 8} Defendant's second assignment of error: "THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT/APPELLANT A HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF."

{¶ 9} A petition for post-conviction relief "shall be filed no later than one hundred and eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * * ." R.C. 2953.21(A)(2). The time bar imposed by R.C. 2953.21(A) is jurisdictional. *State v. Harden,* 2d Dist. Montgomery No. 20803, 2005-Ohio-5580.

{¶ 10} In order to confer jurisdiction on the common pleas court to consider an untimely petition, the petitioner must make at least one of two alternative showings:

that he was unavoidably prevented from discovering the facts upon which the

petition must rely to present the claim for relief, or, subsequent to [the filing

deadline] the United States Supreme Court recognized a new federal or state

right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a).

{¶ 11} Defendant filed a direct appeal from his convictions in Case No. 2008 CA 70. The transcript of the trial proceedings was filed in his direct appeal on October 13, 2008. The petition for post-conviction relief Defendant filed on January 4,2011, more than three years later, is therefore untimely.

{¶ 12} Defendant argues that the trial court's August 2, 2010 *nunc pro tunc* entry was a new sentencing entry that should be used in calculating the timeliness of his petition for post-conviction relief. The State, on the other hand, argues that because neither the convictions upon which Defendant is imprisoned nor the sentences imposed for those convictions were disturbed, the time for post-conviction relief has passed.

{¶ 13} In our decision in Defendant's direct appeal, we ordered Defendant's burglary and aggravated burglary convictions merged. *Day,* 2009-Ohio-7046. We also specifically held that "the correction of this error will not shorten the amount of prison time that Day must serve, because the eighteen-month sentence for burglary was ordered to be served concurrently with the aggregate twelve-year sentence for aggravated burglary and domestic violence." *Id.* Thus, there was no need for the case to be remanded for re-sentencing.

{¶ 14} *Nunc pro tunc* entries are used only to correct clerical errors, such as a mistake or omission that is mechanical in nature and apparent on the record and which does not involve a legal decision or judgment. *State v. Brown,* 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057 (3d Dist. 2000). The trial court's *nunc pro tunc* entry purporting to re-sentence Defendant was therefore improper. Further, because we modified the trial court's judgment

of conviction in the prior appeal without ordering a remand, the trial court lacked jurisdiction to impose a new sentence. The *nunc pro tunc* entry was therefore void.

{¶ 15} Alternatively, Defendant claims that even if his petition was untimely, his trial counsel was ineffective because he never raised as a defense that Defendant had a right to be in his victim's home because he lived there. However, because Defendant's guilty plea amounts to a complete admission of guilt to the aggravated burglary charge, Crim. R. 11(B)(1), his plea waives his ineffective assistance claim. Furthermore, we agree with the trial court's finding that Defendant was aware of Defendant's residence before he entered his guilty plea. Therefore, Defendant has failed to demonstrate that he "was unavoidably prevented from discovering the facts upon which the petition must rely to present the claim for relief." R.C. 2953.23(A)(1)(a).

{¶ 16} For the foregoing reasons, the trial court correctly found that it lacked jurisdiction to consider the merits of Defendant's untimely petition and properly dismissed it. R.C. 2953.23(A); *Harden,* 2005-Ohio-5580. A hearing was not required.

{¶ 17} Defendant's assignments of error are overruled. The judgment of the trial court will be affirmed.

Froelich, J., And Hall, J., concur.

**Copies mailed to:**

**Elizabeth A. Ellis, Esq.**
**Adrienne D. Brooks, Esq.**
**Hon. Michael A. Buckwalter**