[Cite as *State v. Current*, 2013-Ohio-1921.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    2012 CA 33 |
| v. | : | T.C. NO.    09CR194<br>09CR229 |
| TERRY L. CURRENT | : | |
| Defendant-Appellant | : | (Criminal appeal from<br>Common Pleas Court) |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____10th____ day of _____May_____, 2013.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

TERRY L. CURRENT, #619576, Marion Correctional Institute, P. O. Box 57, Marion, Ohio 43302
        Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

        **{¶ 1}**   Terry L. Current appeals from a judgment of the Champaign County

Court of Common Pleas, which granted summary judgment to the State and dismissed his petition for post-conviction relief as untimely. For the following reasons, the trial court's judgment will be affirmed.

I.

**{¶ 2}** In August 2009, Current was indicted on one count of having weapons while under disability and two counts of receiving stolen property. *State v. Current*, Champaign C.P. No. 2009 CR 194. The next month, in Champaign C.P. No. 2009 CR 229, Current was indicted on possession of criminal tools (two counts), complicity to breaking and entering (two counts), complicity to theft (three counts), grand theft, receiving stolen property, complicity to burglary, and complicity to grand theft.

**{¶ 3}** On December 7, 2009, Current pled guilty to having weapons while under disability in Case No. 2009 CR 194 and complicity to breaking and entering in Case No. 2009 CR 229. In exchange for the pleas, the State dismissed the two counts of receiving stolen property from his first case and the remaining ten counts from his second case. On January 14, 2010, the trial court sentenced Current to four years for having weapons while under disability and twelve months for complicity to breaking and entering, to be served concurrently. Current did not appeal from his convictions.

**{¶ 4}** In August 2010, Current filed a motion to withdraw his guilty plea, arguing that the State failed to uphold its promise of a one-year sentence in exchange for his testimony against his co-defendant, Carl Simons. The trial court denied the motion without a hearing, and Current appealed. In April 2012, we affirmed the trial court's ruling. *State v. Current*, 2d Dist. Champaign No. 2010 CA 31, 2012-Ohio-1851.

{¶ 5} On April 9, 2012, shortly before we ruled on his appeal from the denial of his motion to withdraw his plea, Current filed a petition to vacate or set aside his conviction, raising three claims. First, he asserted that his counsel rendered ineffective assistance by failing to "thoroughly examine incomplete transcript" for use on appeal. Current noted that "crucial statements were deleted from the transcript, and from the record pertaining to the sentencing hearing." Second, Current challenged the accuracy of the transcript of his sentencing hearing. He cited a discrepancy between the name of the court reporter on the transcript and information that another court reporter had done the transcription. Third, Current alleged that the prosecutor engaged in misconduct by not telling him that defense counsel was under indictment in a separate matter and that defense counsel's attorney had been the victim of a crime. Current requested appointment of counsel and expert assistance with his petition.[1]

{¶ 6} On May 1, 2012, the trial court denied Current's motions for appointment of counsel and for expert assistance. The court gave the State until May 8 to file an answer, and it gave both parties until May 22 to file any motion for summary judgment. The court stated that any motion for summary judgment "shall address the timeliness of the petititon."

{¶ 7} The State did not file an answer. However, on May 22, 2010, the State moved for summary judgment on Current's petition. It argued that Current's petition was untimely and that his claims were not cognizable under R.C. 2953.23(A). The State asserted that Current's claims regarding the transcript pertained to the acts of appellate

---

[1] Current's memorandum in support of his motion for expert assistance discusses a third case against him, Champaign C.P. No. 2010 CR 43, during which his defense counsel and the trial court allegedly threatened him. Current asserted that the threats also raised questions about whether his brother was beaten to death (as opposed to having committed suicide) while in custody in 1978. We cannot address any of these allegations, since neither Case No. 2010 CR 43 nor its record is before us.

counsel, and that App.R. 26(B) was the proper procedure for addressing ineffectiveness of appellate counsel. As to the claim regarding Current's defense counsel, the State argued that the federal prosecutor had no obligation to inform Champaign County of its investigation, and Current "has made no attempt to show why he would not have been found guilty if he had been informed of [his defense counsel's] plight."

**{¶ 8}** Current responded to the State's motion, asserting that his petition was timely. He argued that his petition was filed within 180 days of the completion of the record in his appeal of the denial of his motion to withdraw his plea. Current claimed that the trial court had jurisdiction to review the merits of his petition, and he filed an addendum with evidence to support his petition.

**{¶ 9}** On July 10, 2012, the trial court granted the State's motion for summary judgment and dismissed Current's petition. The court "adopt[ed] and incorporat[ed]" the State's memorandum in support of its motion, and the court further found that (1) the petition was not timely and was not entitled to tolling or an extension of the filing deadline, and (2) Current was not unavoidably prevented from discovering the facts upon which he relied, he did not identify any new right recognized by the United State Supreme Court, and he did not show that, but for the constitutional error he asserted, no reasonable factfinder would have found him guilty.

**{¶ 10}** Current appeals from the trial court's judgment.

II.

**{¶ 11}** Current's sole assignment of error states:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE

APPELLANT'S DUE PROCESS RIGHTS BY INSTRUCTING THE STATE TO RAISE THE TIMELINESS OF THE APPELLANT'S POST CONVICTION PETITION, AND BY ERRANTLY DISMISSING THE PETITION AS "UNTIMELY."

{¶ 12} An appellate court reviews a trial court's denial of a petition for post-conviction relief under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *Gondor* at ¶ 48, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(J). For this reason, a defendant's petition for post-conviction relief is not a constitutional right; the only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature. *Steffen*, 70 Ohio St.3d at 410; *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 14} Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A).

{¶ 15} Current first argues that the trial court improperly instructed the parties to

address the timeliness of his petition for post-conviction relief. He construes the court's entry as improperly providing instruction, advice, or direction to the State to address an issue that would be detrimental to Current.

{¶ 16} We disagree with Current's interpretation of the trial court's entry. Trial courts lack jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. § 2953.23(A). *State v. Johnson*, 2d Dist. Montgomery No. 24775, 2012-Ohio-2542, ¶ 11, citing *State v. James*, 10th Dist. Franklin No. 11AP-246, 2011-Ohio-6457, ¶ 14 (the State "neither may waive nor forfeit" the jurisdictional limitation in R.C. 2953.21) and *State v. West*, 2d Dist. Clark No. 08 CA 102, 2009-Ohio-7057, ¶ 7 ("The time bar imposed by R.C. 2953.21(A) is jurisdictional."). Because the trial court could not reach the merits of Current's petition without first satisfying itself that the petition was timely and, thus, it had jurisdiction to do so, the trial court properly asked the parties to address the timeliness of the petition.

{¶ 17} When a direct appeal of the judgment of conviction has been taken, a petition for post-conviction relief must be filed "no later than one hundred and eighty days after the date on which the trial transcript is filed in the court of appeals * * *." R.C. 2953.21(A)(2). If no direct appeal is filed, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *Id.*

{¶ 18} Current claims that his petition was timely, because he filed it 178 days after the transcripts were filed in his appeal. However, the judgment from which Current appealed was the denial of his motion to withdraw his plea. Under R.C. 2953.21(A)(2), the time limitation for filing a petition for post-conviction relief is tied to the filing of direct

appeal from the defendant's conviction, not any subsequent judgments from the trial court. R.C. 2953.21(A)(2) (post-conviction petition is to be filed no later than 180 days "after the date on which the trial transcript is filed in the court of appeals in *the direct appeal of the judgment of conviction or adjudication*"); *see*, *e.g.*, *State v. Day*, 2d Dist. Greene No. 2012 CA 11, 2012-Ohio-4620, ¶ 9.

{¶ 19} Current pled guilty in December 2009, and the trial court sentenced him and entered a judgment of conviction on January 14, 2010. Current did not file a direct appeal from that conviction. Accordingly, under R.C. 2953.21(A)(2), he had 180 days from the expiration of the time for filing his direct appeal to file his petition for post-conviction relief. Current's petition was not filed until April 2012, more than two years after the time for filing his direct appeal expired. Accordingly, the petition was untimely, unless its untimeliness was excused under R.C. 2953.23.

{¶ 20} Pursuant to R.C. 2953.23(A), a defendant may file an untimely petition for post-conviction relief if he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or if the United States Supreme Court recognizes a new federal or state right that the petitioner alleges applies retroactively to his situation. The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty. *Id.*

{¶ 21} Current offers no explanation for the late filing of his petition. Although the alleged errors in the sentencing transcript apparently did not come to light until the transcripts were prepared for the appeal concerning his motion to withdraw his plea, nothing prevented Current from obtaining a transcript at an earlier time. And Current was aware of

what had actually occurred at the sentencing hearing when the judgment of conviction was entered. Current makes no claim that the Supreme Court has recognized a new right that applies to him. Accordingly, Current does not meet the first requirement set forth in R.C. 2953.23(A). Having failed to demonstrate the first statutory requirement, it is impossible for him to meet the second.

{¶ 22} Because Current has not established either of the conditions that could excuse an untimely filing, the trial court was without jurisdiction to entertain his petition for post-conviction relief. When a trial court lacks jurisdiction to consider an untimely petition, it is not necessary for the court to hold an evidentiary hearing on that petition. *Johnson* at ¶ 18. The trial court properly granted the State's motion for summary judgment and dismissed Current's petition for post-conviction relief.

III.

{¶ 23} The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Jane A. Napier
Terry L. Current
Hon. Roger B. Wilson