[Cite as *State v. Day*, 2016-Ohio-36.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-15 |
| | : | |
| v. | : | Trial Court Case No. 2008-CR-271 |
| | : | |
| CHAD L. DAY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 8th day of January, 2016.

. . . . . . . . . .

STEPHANIE R. HAYDEN, Atty. Reg. No. 0082881, Assistant Greene County
Prosecuting Attorney, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

CHAD L. DAY, Inmate No. 585-704, Chillicothe Correctional Institution, P.O. Box 5500,
Chillicothe, Ohio 45601
        Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, Defendant-Appellant, Chad Day, appeals pro se from a trial court decision denying his motion to withdraw his guilty plea. In support of his appeal, Day contends that his trial counsel rendered ineffective assistance by influencing Day to plead guilty to Aggravated Burglary. Day also contends that his trial counsel was ineffective because he failed to file a motion to dismiss the Aggravated Burglary charge.

{¶ 2} We conclude that the trial court did not err in failing to provide Day with a hearing prior to overruling Day's motion to withdraw his guilty plea, because Day's claim is barred by res judicata. Accordingly, the judgment of the trial court will be affirmed.

I.    Facts and Course of Proceedings

{¶ 3} In April 2008, Day was indicted for Aggravated Burglary, Burglary, Domestic Violence, and Abduction in Greene County Common Pleas Court Case No. 2008-CR-271. He was also subsequently indicted for Rape in Greene County Common Pleas Court Case No. 2008-CR-370, and the actions were consolidated in June 2008.

{¶ 4} In July 2008, Day pled guilty to the four charges in Case No. 2008-CR-271, and the Rape charge was dismissed. The State and defense agreed upon a sentence of 12 years, and the trial court sentenced Day to a total of 12 years in prison on July 21, 2008. The sentence consisted of 10 years for Aggravated Burglary, two years for Domestic Violence, 18 months for Burglary, and two years for Abduction. The latter two sentences were to be served concurrently to the sentences for Aggravated Burglary and Domestic Violence, which were to be served consecutively to each other.

{¶ 5} Day appealed from his conviction and sentence, and contended in a single assignment of error that the Burglary and Aggravated Burglary offenses should have

been merged as allied offenses. *See State v. Day*, 2d Dist. Greene No. 2008-CA-70, 2009-Ohio-7046, 2009 WL 5198174, *1.[1] We agreed with Day, merged the convictions, and vacated the Burglary conviction. *Id.* at *2. We affirmed the judgment in all other respects. We also noted that our decision would not shorten the amount of time Day would have to serve, because the Burglary sentence was to have been served concurrently with the other convictions that resulted in the 12-year sentence. *Id.*

{¶ 6} The trial court filed a judgment entry in August 2010, resentencing Day, in accordance with our opinion, to a total sentence of 12 years in prison for the Aggravated Burglary, Domestic Violence, and Abduction convictions. Subsequently, in January 2011, Day filed a petition for post-conviction relief. Day contended in the petition that his trial counsel was ineffective because he had persuaded Day to plead guilty to Aggravated Burglary, when Day could not have been found guilty of that crime. Specifically, Day alleged that he was a resident of the premises in which he had been accused of trespassing. Day attached various documents and affidavits to the petition to illustrate that he resided at the premises at the time of the crimes. In late December 2011, the trial court denied the petition for two reasons. First, the court concluded that it was untimely. Second, the court held that the R.C. 2953.23(A)(1) excuse for untimeliness (unavoidable prevention of discovery of facts) did not apply because Day's residence would have been known to Day from the time the case began. *See* Doc. #118, p. 5.

{¶ 7} In October 2012, we affirmed the trial court's decision. *See State v. Day*, 2d Dist. Greene No. 2012-CA-0011, 2012-Ohio-4620. We noted that the 180-day time requirement in R.C. 2953.21(A)(2) had not been met, since the transcript for Day's direct

---

[1] For some reason, our opinion does not have paragraph numbers. As a result, we will refer to the Westlaw citation.

appeal had been filed in our court on October 13, 2008, more than three years before the petition for post-conviction relief was filed. *Id.* at ¶ 9-11. We also agreed that Day was not "unavoidably prevented" from discovering the facts upon which his petition relied, because Day was aware of his own residence before entering his guilty plea. *Id.* at ¶ 15.

**{¶ 8}** On March 26, 2013, Day filed a pro se motion in the trial court, seeking to withdraw his guilty plea. The motion was based on alleged ineffective assistance of counsel. Specifically, Day alleged that he told trial counsel that he lived at the address where the burglary was committed. However, trial counsel never investigated, and never informed Day that he could not be convicted of Aggravated Burglary under the circumstances.

**{¶ 9}** In February 2015, the trial court overruled the motion to withdraw the plea, without holding a hearing. The court concluded that there had been no manifest injustice. The court observed that Day's address was known from the beginning of the proceedings, and the issue had been previously raised.

**{¶ 10}** Day now appeals from the judgment of the trial court.

## II. Alleged Ineffective Assistance of Counsel

**{¶ 11}** Day's First Assignment of Error states that:

Trial Counsel Produced Ineffective Assistance When He Influenced Mr. Day to Plead Guilty to the Crime of Aggravated Burglary Regarding Mr. Day's Place of Residence.

**{¶ 12}** Day's Second Assignment of Error states that:

Trial Counsel Produced Ineffective Assistance When He Failed to

File a Motion to Dismiss the Aggravated Burglary Charge on Mr. Day's Behalf After He Was Informed that the 616 South Stadium Drive, Xenia, Ohio Address Was Mr. Day's Place of Residence.

{¶ 13} We will address these assignments of error together because the analysis applies to both.

{¶ 14} Under his assignments of error, Day contends that trial counsel was ineffective for two reasons. First, counsel was informed of Day's address prior to the plea and failed to conduct an investigation, during which he would have discovered that Day was privileged to be on the property at the time of the alleged trespass. Second, with this knowledge his trial counsel failed to file a motion to dismiss the Aggravated Burglary charge.

{¶ 15} Ohio Crim.R. 32.1 provides that:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 16} We review trial court decisions on motions to withdraw pleas for abuse of discretion. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.) *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 17} We have stressed that "[t]he distinction between presentence and post-sentence motions to withdraw pleas of guilty or no contest indulges a presumption

that post-sentence motions may be motivated by a desire to obtain relief from a sentence the movant believes is unduly harsh and was unexpected. The presumption is nevertheless rebuttable by showing of a manifest injustice affecting the plea." *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8.

{¶ 18} The defendant "has the burden of establishing the existence of manifest injustice." *Smith* at 261, paragraph one of the syllabus. Under the standard of manifest injustice, "a postsentence withdrawal motion is allowable only in extraordinary cases." (Citation omitted.) *Id.* at 264. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999).

{¶ 19} In responding to Day's brief, the State argues that Day's claims are barred by res judicata because his contention about his residence was raised in the petition for post-conviction relief, which was rejected by the trial court. In addition, the State notes that we affirmed the trial court's decision to deny relief.

{¶ 20} The trial court did not discuss res judicata specifically in its decision, but did note that Day's residential status had been known throughout the case, and had been found insufficient to justify the late filing of the petition for post-conviction relief. The court also discussed Day's two prior appeals, one of which was a direct appeal, and the other of which appealed the dismissal of his petition for post-conviction relief.

{¶ 21} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v.*

*Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." (Citations omitted.) *Id.*

{¶ 22} We have previously noted that the application of res judicata is well-settled where claims are presented in motions to withdraw pleas that could have been or were presented on direct appeal of the conviction. *See, e.g., State v. Ulery*, 2d Dist. Clark No. 2010-CA-89, 2011-Ohio-4549, ¶ 10, citing *State v. Madrigal*, 6th Dist. Lucas Nos. L-10-1142, L-10-1143, 2011-Ohio-798, ¶ 16. "The doctrine operates to preclude a subsequent action both on claims that were actually litigated and also those that could have been litigated in a previous action." *State v. Davie*, 9th Dist. Summit No. 21708, 2004-Ohio-1068, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).

{¶ 23} We have also previously noted that "[a] claim of ineffective assistance of counsel could not have been asserted before [on direct appeal] if it relies on matters outside the record." (Citations omitted.) *State v. Curtis*, 2d Dist. Greene No. 2011-CA-56, 2013-Ohio-1690, ¶ 12. Since Day's claim of ineffective assistance of counsel in connection with his plea relies on matters outside the record, his direct appeal would not be res judicata to a subsequent proceeding.

{¶ 24} After the trial court rejected Day's petition for post-conviction relief, we agreed that the court lacked jurisdiction over the petition because it was untimely. *Day*, 2d Dist. Greene No. 2012-CA-0011, 2012-Ohio-4620 at ¶ 17. We also noted that Day

failed to demonstrate that he had been " 'unavoidably prevented' " from discovering the facts upon which his petition was based, because he knew of his residence before entering his plea. *Id.* at ¶ 15.

**{¶ 25}** " 'The phrase "unavoidably prevented" means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence.' " *State v. Sansom*, 2d Dist. Champaign No. 2009 CA 38, 2010-Ohio-1918, ¶ 9, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. Under this standard, Day was clearly not unavoidably prevented from knowing where he lived at the time of the alleged crimes.

**{¶ 26}** The Supreme Court of Ohio has held that post-sentence motions to withdraw pleas and petitions for post-conviction relief are independent remedies. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14. A post-sentence motion to withdraw a plea is part of the underlying criminal case and does not collaterally attack the conviction. In contrast, a post-conviction petition is a civil collateral attack on the judgment or conviction. *Id.* at ¶ 13. Unlike R.C. 2953.21 and 2953.23, Crim.R. 32.1, which governs withdrawal of pleas, does not have time limits, although timeliness may be a factor in ruling on the credibility of the movant and on granting the motion. *Id.* at ¶ 14.

**{¶ 27}** The issue then becomes whether Day's claims are barred by res judicata in view of the fact that he previously filed an untimely post-conviction petition for relief, based on the same arguments that he is now asserting. It is of no consequence here that Day's petition for post-conviction relief and motion to withdraw his guilty plea are independent remedies.

**{¶ 28}** We noted in *Hartzell,* that the analysis of whether manifest injustice exists

contemplates evaluating whether the defendant could have sought redress from the alleged prejudice through another form of remedy that was reasonably available to him. *Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 at *2. Since Day was aware of the facts supporting his claims at the time he changed his plea to guilty, and asserted the claims he is now raising in an untimely post-conviction petition, which was denied by the trial court and affirmed by this court, Day previously sought redress from another form of remedy that was available to him. Accordingly, we overrule Day's assignments of error for two reasons. First, there is no manifest injustice shown. Second, res judicata bars relitigation of Day's claims.

### III. Conclusion

**{¶ 29}** Day's First and Second Assignments of Error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Stephanie R. Hayden
Chad L. Day
Hon. Michael A. Buckwalter